UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Sekou K.,

        Petitioner,

v.

ANDREW LARSON, *Executive Director, Northwest Regional Corrections Center;*

DAVID EASTERWOOD, *Director of St. Paul Field Office, U.S. Immigration and Customs Enforcement*;

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; and

PAMELA BONDI, *Attorney General of the United States*;

        Respondents.

Civil No. 26-706 (JRT/DLM)

**ORDER**

---

    Petitioner is a citizen of Liberia, who alleges that he entered the U.S. without inspection and has been residing peacefully without a criminal record within the U.S. since March 2024. Petitioner was served with a Notice to Appear initiating removal proceedings. Since then, he filed an asylum application on November 15, 2024, based on his fear of return to his home country and has been reporting for check-ins with United States Immigration and Customs Enforcement (ICE).

ICE arrested the Petitioner on December 3, 2025, while he was reporting for his ICE check-in. Petitioner filed a Verified Petition for a Writ of Habeas Corpus on January 27, 2026 (Docket No. 1.) and claims to be detained unlawfully.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Petitioner's motion for a temporary restraining order (Docket No. [3]) is **GRANTED in part**. Respondents are **ENJOINED** from removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota until the Court issues an order on the pending Petition for Writ of Habeas Corpus (Docket No. [1]).

    a. Respondents may request permission from the Court to move Petitioner if unforeseen or emergency circumstances arise which require Petitioner to be removed from the District. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner.

    b. If Petitioner has already been removed from Minnesota, Respondents are **ORDERED** to immediately return Petitioner to Minnesota.

2. Respondents are directed to file an answer to the petition for a writ of habeas corpus of petitioner by **no later than 5:00 p.m. January 30, 2026**, certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case.

3. Respondents' answer must include:

   a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition;

   b. A reasoned memorandum of law and fact explaining Respondents' legal position on Petitioner's claims;

   c. Respondents' recommendation on whether an evidentiary hearing should be conducted;

   d. Respondents' view as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025); and

   e. Whether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release. *See e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026).

4. If Petitioner intends to file a reply to Respondents' answer, he must do so by **no later than 5:00 p.m. on January 31, 2026**. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.

5. Petitioner's motion for an order to show cause (Docket No. [2]) is **GRANTED** insofar as the briefing schedule set forth above is consistent with the request made in the motion.

Dated: January 28, 2026
at Minneapolis, Minnesota.

                                              JOHN R. TUNHEIM
                                    United States District Judge