UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SEKOU K.,

Petitioner,

Civil No. 26-706 (JRT/DLM)

v.

ANDREW LARSON, *Executive Director, Northwest Regional Corrections Center;*

DAVID EASTERWOOD, *Director of St. Paul Field Office, U.S. Immigration and Customs Enforcement*;

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; and

PAMELA BONDI*, Attorney General of the United States*;

Respondents.

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Paschal O. Nwokocha, **PASCHAL NWOKOCHA LAW OFFICES, LLC**, 105 Fifth Avenue South, Suite 550, Minneapolis, MN 55401, for Petitioner.

Ana H. Voss, Trevor Brown, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Sekou K. was arrested and detained by United States Immigration and Customs Enforcement ("ICE") on December 3, 2025. Sekou K. petitions for a writ of habeas corpus, arguing that he is being detained unlawfully. Because the Court concludes

that Sekou K.'s detention is unlawful, the Court will grant his petition for writ of habeas corpus and order that he be released from custody.

## BACKGROUND

Sekou K. is a citizen of Liberia.  (Verified Pet. Writ of Habeas Corpus ("Pet.") ¶ 15, Jan. 27, 2026, Docket No. 1.)  He entered the United States without inspection in March 2024.  (*Id.*)  He has a pending asylum application and no criminal record.  (*Id.*)

On March 12, 2024, ICE served Sekou K. with a Notice to Appear (Form I-862), charging him as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act because he was "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than designated by the Attorney General."  (*Id.* ¶ 16, Ex. 2, Docket No. 1-2.)

On December 3, 2025, ICE arrested Sekou K.  (*Id.* ¶ 15.)  He was taken into custody and detained at Northwest Regional Corrections Center in Crookston, Minnesota.  (*Id.* ¶ 19.)  On January 27, 2026, Sekou K. filed a Verified Petition for Writ of Habeas Corpus, alleging that his continued detention is unlawful and requesting that the Court order his immediate release, or alternatively, a bond hearing.  (*Id*. ¶¶ 40–50.)

The next day, the Court issued an order (1) enjoining Respondents from transferring Sekou K. outside the District of Minnesota pending a ruling on his habeas petition, and (2) directing Respondents to file an answer by January 30, 2026.  (Docket No. 5.)  The Respondents answered the Petition (Docket No. 6), and Sekou K. replied (Docket No. 7).  Sekou K. states that he has now been transferred to a facility in Dakota

City, Nebraska, in violation of the Court's January 28, 2026 order enjoining Respondents from transferring him outside the District of Minnesota. (Reply at 1, Jan. 30, 2026, Docket No. 7.)

## DISCUSSION

Respondents argue that Sekou K. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). After thorough review of the parties' filings, the Court concludes that the legal issues presented by Sekou K.'s habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, No. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025). The factual record before the Court shows that Sekou K. was arrested while already in the United States. For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that it possesses jurisdiction over this petition, and that Sekou K.'s detention is not authorized by § 1225(b)(2).

The Court therefore turns to the proper remedy. In previous cases involving this issue, the Court has concluded that a bond hearing pursuant to § 1226(a) is the appropriate remedy. However, the Court is now persuaded that where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody. *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S.

674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

The Court notes, and shares, Sekou K.'s concerns regarding his transfer out of the state.  It is unclear from the information available to the Court whether the transfer occurred before, or after, the Court expressly directed Respondents not to transport Sekou K. outside the District of Minnesota.  But what **is** clear is that abrupt transfer without notification to the Court obstructs a detainee's ability to communicate with counsel and with their family—and if Sekou K.'s transfer did take place after this Court's order, it would not be the first time Respondents have engaged in such conduct before this Court.

The Court will grant Sekou K.'s petition for writ of habeas corpus and order that he be returned to Minnesota and then released from custody.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Sekou K.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

b. Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately. Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

c. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

d. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in dangerous cold. It is preferable to release Petitioner to counsel to ensure humane treatment.

e. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and without conditions such as location tracking devices.

f. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 3, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: January 31, 2026
at Minneapolis, Minnesota.
Time: 7:20 p.m.

JOHN R. TUNHEIM
United States District Judge